This is a fraud case. The holder of a homeowner's insurance policy sued the insurance company and its adjuster for breach of contract and fraud. The jury awarded $100,000.00 for fraud. The trial court entered judgment on the verdict and denied defendants' post-trial motions. Defendants appeal.
Defendants raise five issues, but we find that those relating to pleading fraud with particularity are determinative of the appeal. Those issues relate to defendants' motion to dismiss the complaint and their motion for directed verdict at the close of plaintiff's evidence.
Ronald R. Fincher filed the following complaint on February 5, 1982, in the Circuit Court of Calhoun County, naming as defendants State Farm Fire and Casualty Company, Inc., Steve Templeton, Jim McCain, and fictitious parties:
 "COUNT ONE
"1. On or about, to-wit: April 18, 1980, in consideration of the premiums provided *Page 937 
therein, defendant, State Farm Fire and Casualty Company, Inc., issued to plaintiff its policy of homeowners insurance, Policy No. 01-043145-8. This policy provides benefits to the loss payee arising out of loss or damage to the insured property by fire.
"2. On or about October 2, 1981, plaintiff s home was destroyed by fire. Benefits for said loss were provided for in the policy of insurance described heretofore.
"3. Since October 2, 1981, the defendant, State Farm Fire and Casualty Company, Inc., has refused to pay the full benefits due to the plaintiff under the terms of the contract.
"4. Plaintiff has performed all the conditions of the policy to be performed on his part.
"5. Under the terms of the policy, the defendant, State Farm Fire and Casualty Company, Inc., was liable to the plaintiff for the sums of $42,000.00 due to loss of the plaintiff's property as heretofore described, and $12,600.00 due to loss of use of plaintiff's property as set out in the contract of insurance. Additionally, as a result of the defendant's failure to fully perform its obligations under the said contract of insurance, plaintiff has been caused to suffer severe anxiety and mental and emotional distress.
"WHEREFORE, plaintiff demands judgment against the defendant in the amount of Five Million and no/100 ($5,000,000.00) Dollars, interest, costs of court, and attorney's fees.
 "COUNT TWO
"1. On or about, to-wit: April 18, 1980, the defendant, State Farm Fire and Casualty Company, Inc., by and through its agent, servant, or employee, was negotiating with the plaintiff concerning the purchase by the plaintiff of the policy of insurance providing benefits to the plaintiff should the plaintiff's property become damaged by fire.
"2. On or about April 18, 1980, the defendant, State Farm Fire and Casualty Company, Inc., by and through its agent, servant or employee, represented to the plaintiff that if the plaintiff would sign plaintiff's name to an application and pay a sum of money to said defendant that plaintiff's property would become insured by defendant, State Farm Fire and Casualty Company, Inc., against losses which the plaintiff might suffer if the plaintiff's property became damaged by fire, and that the plaintiff would thereby receive certain benefits in the event the plaintiff's property became damaged by fire.
"3. The representations made by the defendant were false and defendant knew they were false; or the defendant recklessly misrepresented the facts, without true knowledge thereof; or defendant misrepresented the facts by mistake, but did so with the intention that plaintiff should rely upon them.
"4. Plaintiff believed the representations and in reliance upon them, signed said application and paid money to the defendant.
"5. Plaintiff became aware of defendants' misrepresentation within one year prior to the filing of this complaint when the defendants failed to perform said representations upon the loss of plaintiff's house by fire.
"WHEREFORE, plaintiff demands judgment against the defendant for compensatory and punitive damages in the amount of Five Million and no/100 ($5,000,000.00) [sic], and in addition thereto claims interest, costs of court, and attorney's fees.
 "COUNT THREE
"1. Plaintiff realleges paragraph 1 of Count Two.
"2. Defendant, State Farm Fire and Casualty Company, Inc., made written and oral promises to plaintiff to pay plaintiff for losses he might suffer should his home be damaged or destroyed by fire.
"3. The aforementioned defendants [sic] made said promises for the purpose of inducing plaintiff to rely upon said promises and to act in reliance upon them. The said defendants [sic] did not intend to perform *Page 938 
said promises to plaintiff and made said promises with the intent to defraud plaintiff. Plaintiff was unaware of defendants' [sic] intention not to perform and justifiably relied upon the promises made and paid premiums to the defendants [sic]."
"4. Plaintiff first became aware of the defendants' [sic] intention not to perform said promises within one year prior to the filing of this complaint when the defendants [sic] failed to perform said promises upon the loss of plaintiff's house by fire.
"WHEREFORE, plaintiff demands judgment against the defendant for compensatory and punitive damages in the amount of Five Million and no/100 ($5,000,000.00) [sic], and in addition thereto claims interest, costs of court, and attorney's fees.
 "COUNT FOUR
"1. Plaintiff realleges Paragraph 1 of Count One.
"2. Each of the defendants in this suit have breached their duty of fair dealing and good faith owed to the plaintiff in the following respects:
"(a) Refusing to pay any benefits to plaintiff at a time when defendants knew plaintiff was entitled to said benefits under the provisions of said contract of insurance which has heretofore been described.
"(b) Wilfully and in bad faith, withholding payments from plaintiff knowing plaintiff's claim for the full benefits due under said contract of insurance to be valid.
"(c) By intentionally failing to determine whether plaintiff's claim for the full benefits due under the contract of insurance was valid.
"(d) By other acts or omissions of defendants.
"3. As a proximate result of the aforementioned wrongful conduct of defendants, plaintiff has suffered damages under the terms of the insurance policy for loss of his dwelling, personal property, and loss of use of his dwelling since October 2, 1981, to be shown at the time of trial. Moreover, plaintiff has suffered anxiety, worry, mental and emotional distress and other incidental damages.
"4. Defendants have acted toward plaintiff with a conscious disregard of plaintiff's rights, or with the intent to vex, injure, or annoy plaintiff, such as to constitute oppression, fraud, or malice thereby entitling plaintiff to punitive damages.
"5. As a proximate consequence of said acts or omissions, the plaintiff has been caused to suffer by being deprived of the benefits entitled him under the policy, by anxiety, worry, and mental and emotional distress.
"WHEREFORE, plaintiff demands judgment against defendants for compensatory and punitive damages in the amount of Five Million and no/100 ($5,000,000.00) Dollars, and in addition thereto, claims interest, costs of court, and attorney's fees.
 "COUNT FIVE
"1. Plaintiff realleges each and every Paragraph of Count One.
"2. Plaintiff alleges a fiduciary relationship arose between the plaintiff and the defendants in this complaint when the defendants issued the aforesaid insurance policy and accepted premiums from the plaintiff. This fiduciary relationship has existed at all relevant times herein.
"3. The plaintiff, relying upon the existence of said fiduciary relationship, paid premiums to defendants for the purpose of inducing security for plaintiff and his family in the event the [sic] his property should be damaged or destroyed by fire.
"4. That defendants, and each of them, have breached their fiduciary duty to plaintiff by the acts or omissions as set forth in Paragraph 2 of Count Four.
"5. As a proximate consequence of said acts or omissions, the plaintiff has been caused to suffer by being deprived of the use of the insured property, and by being caused to suffer anxiety, worry, and mental and emotional distress, and other incidental damages.
"WHEREFORE, plaintiff demands judgment against defendants for compensatory *Page 939 
and punitive damages in the amount of Five Million and no/100 ($5,000,000.00) Dollars, and in addition thereto, claims interest, costs of court, and attorney's fees.
 "COUNT SIX
"1. On or about April 18, 1980, the defendant, State Farm Fire and Casualty Company, Inc., by and through its agents, servants, or employees, while under a duty to disclose to the plaintiff all conditions and limitations of the policy of insurance, was negotiating with the plaintiff concerning the purchase, by the plaintiff, of a policy of insurance providing benefits to the plaintiff should the plaintiff's property be damaged or destroyed by fire.
"2. On or about April 18, 1980, the defendant, State Farm Fire and Casualty Company Inc., by and through its agents, servants, or employees, fraudulently concealed from the plaintiff the following information, to-wit:
"(a) That upon a total loss of plaintiff's property by fire, the defendant, State Farm Fire and Casualty Company, Inc., would not pay the full face value of the insurance policy.
"3. Plaintiff unaware of the information fraudulently suppressed or concealed as heretofore described and acting in the belief that said information did not exist, signed the application for insurance and paid money to the defendant.
"4. Plaintiff became aware of the information fraudulently suppressed or concealed within one year prior to the filing of this complaint at a point and time subsequent to the plaintiff's house being damaged or destroyed by fire on or about October 2, 1981.
"WHEREFORE, plaintiff demands judgment against defendants for compensatory and punitive damages in the amount of Five Million and no/100 ($5,000,000.00) Dollars, and in addition thereto, claims interest, costs of court, and attorney's fees."
On March 8, 1982, Defendants filed a motion to dismiss for failure to state a claim or "because the complaint is vague and indefinite and does not sufficiently apprise defendants as to what defendants are called upon to defend against." The court did not initially rule on this motion, and the parties proceeded with discovery.
A pre-trial conference was scheduled for October 5, 1982. The record does not reflect whether this conference was held, but defendants filed an amended motion to dismiss on October 4, separate motions for summary judgment on October 5, and an answer on October 26. On November 1, 1982, defendants filed a motion to add First Federal Savings and Loan Association of Sylacauga, holder of a mortgage on the insured property, as a party plaintiff in count one of the complaint.
The amended motion to dismiss included fourteen specific attacks on various portions of the complaint. Two of these paragraphs are noteworthy:
 "6. To dismiss Count Two as to individual defendants Steve Templeton and Jim McCain on the grounds that both these individual defendants are in the Claims Department, neither of these defendants had any contact with plaintiff in connection with the application for insurance and made no promises nor representations to plaintiff in connection with the application or issuance of the insurance policy referred to. Said Count Two does not identify either individual defendant herein as the agent, servant or employee referred to in Count Two and therefore does not state a cause of action against either of these individual defendants.
 "14. To dismiss the complaint on the grounds that it seeks inconsistent remedies in that plaintiff alleges fraud in the inception of the contract and in the same action seeks to recover for breach of that contract. Plaintiff cannot have both remedies but must make an election and defendants move that the Court require plaintiffs to make an election."
Trial began on November 3, 1982. The case action summary sheet includes the following entry bearing that date:
 "Upon consideration of defendants' amended motion to dismiss motion for *Page 940 
summary judgment, Ordered that Counts IV V are hereby struck. Upon consideration of motion by defendants, Ordered that First Federal Savings Loan Association of Sylacauga be is hereby added as party plaintiff to Count I only. Jury struck for trial of this case."
Thus, the case went to trial on the count for breach of contract, on counts two and three for fraud in the inception, and on count six for fraudulent concealment by the selling agent. It will be noted that none of these counts alleged frauds by Templeton during adjustment of the claim. Count four, the bad faith claim, did allege that defendants withheld "payments from plaintiff knowing plaintiff's claim for the full benefits due under said contract of insurance to be valid," and acted toward plaintiff "with the intent to vex, injure, or annoy plaintiff, such as to constitute oppression, fraud, or malice. . . ." This count, however, was dismissed before the trial, so the case went to trial with no allegations of misrepresentations made after the fire.
Furthermore, the above-quoted paragraphs of the amended motion to dismiss indicate that defendants viewed the fraud counts of the complaint as alleging only fraud in the inception. Defendants, for all that appears from the record, were wholly unprepared to defend against any claims for fraud during the adjustment of the claim.
At the close of plaintiff's evidence, plaintiff's counsel made the following oral motion to amend:
 "We would request permission to orally amend our complaint previously filed in this case, and under the fraud count to specifically allege three specific frauds that were perpetrated on the Plaintiffs. The first being that Doug Camp being at that time and place an agent of State Farm Fire and Casualty Company, represented to Ronald Fincher at the time the policy was sold, and at all times material thereafter, that State Farm in the event of a fire would pay the face amount of that policy as damages without any mention of depreciation.
 "We allege, number two, that Steve Templeton at said time and place being the agent of State Farm Fire and Casualty Company represented to Ronald Fincher that in order to recover the entire amount of forty-two thousand under that policy, that he had to build the identical house in the identical location, and that if he even moved it back off its foundations a short space that it would not pay the face amount of forty-two thousand.
 "We allege as fraud number three, that Steve Templeton being at said time and place the agent of State Farm represented to the Finchers that they should not incur any further motel bills or restaurant expenses, that State Farm Fire Insurance Company would not pay them any further bills even if they were incurred. From that point forward on December 15th, any bills they incurred would have to be paid by themselves, which said time and place was a misrepresentation of the contents of the policy.
 "We respectfully suggest that as under the item of deceit, that at a time and place when the representative Steve Templeton being at said time and place the agent of State Farm knew that the policy of State Farm Fire and Casualty Company, as per the testimony of Jim McCain, was that you could purchase another house in another area of town or that you could build another house on a different location represented to the Finchers that that was not the case, but that they had to build the identical house in the identical location. And although he knew this to be the policy of State Farm, he failed to impart that to the Finchers at a time and a place when he was under a duty to do so."
Defendants objected to the request for permission to amend:
 "Judge, of course, we oppose any amendment at this time. First, on the grounds that the rules provide that allegations of fraud in the original complaint *Page 941 
are supposed to be with specificity, and I think the courts have said repeatedly that particularly in this kind of action, that the Defendants are entitled to know even before you start to trial, much less halfway through it, or maybe more than halfway, what the allegations of fraud are. Here they are coming in here at this late hour and saying that they want to amend. And for the first time, really at this time, being very specific about the thing."
This objection was well taken. Rule 9 (b), A.R.Civ.P., requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."
This Court has cited with approval the following committee comment to Rule 9 (b):
 "The pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained."
See Miller v. Mobile County Board of Health, 409 So.2d 420
(Ala. 1981); Robinson v. Allstate Insurance Co., 399 So.2d 288
(Ala. 1981); Winn-Dixie Montgomery, Inc. v. Henderson,371 So.2d 899 (Ala. 1979). In Robinson the Court noted with disapproval the failure to identify the agent of Allstate who made the alleged misrepresentation.
The fraud counts in the original complaint were barely sufficient to withstand State Farm's motion to dismiss. The original complaint stated no claim against Templeton and McCain, at least without counts four and five, which did not go to trial. Nor did it state a claim for fraud against State Farm relating to the period after the fire.
It is true that Rule 15 (b), A.R.Civ.P., allows amendments to conform to the evidence "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties." State Farm certainly did not try the post-fire fraud issues by express consent, and the record does not indicate implied consent, either. The evidence regarding Templeton's efforts to settle the claim was properly admissible under the breach of contract claim. Without knowing that Fincher intended to seek recovery in fraud for these negotiations, defendants had no cause to object to the evidence on these matters.
After the court allowed the amendment to the complaint, plaintiffs rested. Defendants made motions for directed verdicts. The court granted directed verdicts for Templeton and McCain on the breach of contract count, because they were not parties to the contract and had nothing to do with negotiating it. The court also granted a directed verdict for McCain on the fraud claims, because the evidence showed he had no contacts with Fincher and the court found no evidence that he had committed any fraud against him. The court denied State Farm's motion for directed verdict, Templeton's motion for directed verdict on the fraud claims, and State Farm's motion for the court to require plaintiff to elect between the claims for fraud and breach of contract. After these motions, defendants rested.
The jury retired with three verdict forms: one in favor of Ronald Fincher and First Federal Savings and Loan of Sylacauga against State Farm for breach of contract, one for Ronald Fincher against State Farm and Templeton for fraud, and one for State Farm and Templeton. The jury rendered a verdict for fraud in the amount of $100,000. The trial court entered judgment on the verdict and denied defendants' motion for judgment notwithstanding the verdict or, in the alternative, for new trial.
The prejudicial effect of allowing the amendment is readily apparent. Plaintiff recovered a substantial verdict against two defendants premised largely on claims as to which the defendants had no notice until plaintiff had put all of his evidence before the jury. Defendants objected strenously to plaintiff's request for an amendment to inject the new theories of fraud. Especially when viewed in light of the rule that fraud must be pleaded with particularity, the action of the court in allowing the amendment was error. *Page 942 
The judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.