This is an appeal from a summary judgment entered in favor of defendants Guy Martin, Roger McCollough, Southern Insurance Service, American Integrity Insurance Company ("American Integrity"), Providers Fidelity Life Insurance Company ("Providers Fidelity"), and Senior Citizens Group Insurance Trust of America,[1] and against the plaintiff, Lucile Guinn, on her fraud claims. Guinn also appeals from the dismissal of her claims alleging a violation of Ala. Code 1975, § 27-12-6, a breach of fiduciary duty, and negligence and wantonness, as well as from the denial of a discovery motion.
Martin and McCollough, who did business as Southern Insurance Service, were general agents for American Integrity and Providers Fidelity. They visited Guinn at her home in an attempt to sell her medicare supplement insurance. Guinn was receptive to Martin and McCollough, but informed them that she already had coverage. Guinn had approximately five months of coverage remaining before a renewal premium of $594 was due, and had served all of the required waiting periods under those policies. Guinn, who was 88 years old at the time, informed Martin and McCollough that she was especially interested in obtaining the best nursing home coverage she could. However, she alleges that she emphasized that she did not want to be over-insured. Guinn also alleges that she told the agents that she was not knowledgeable about insurance policies and the different kinds of benefits they provided, and would rely on them to tell her what she *Page 762 
needed to do to get the coverage that she desired.
Although the evidence is in dispute on this point, it appears that either Martin or McCollough reviewed the policies that Guinn had in force at the time and then offered her a "package" that was comprised of an American Integrity policy and a Providers Fidelity policy. Guinn said that the agents told her that the nursing home benefits available under that package were superior to those available under her existing coverage. They advised her to buy their package and allow her other policies to lapse. The agents also told Guinn that she would be able to cancel the American Integrity policy within 10 days of its effective date, and the Providers Fidelity policy within 30 days of its effective date, if she was not satisfied with them. Guinn agreed to make the purchase and gave the agents a single check for the initial premiums of $808.70 for the American Integrity policy and $107.50 for the Providers Fidelity policy, a total of $916.20.
Soon after she made that purchase, but before she received her policies, Guinn made three unsuccessful attempts to cancel the policies. She later consulted another insurance agent, who reviewed her old and new policies and told her that her new policies did not provide better coverage than did her old policies, but were just more expensive. Soon after receiving that agent's opinion, Guinn filed a complaint alleging, inter alia, that Martin and McCollough had made fraudulent misrepresentations of material facts concerning the relative merits of her earlier policies and the policies they sold her. It is from the trial court's disposition of the various claims in that complaint that this appeal arises.
 Fraud Claims
Guinn appeals the summary judgment in favor of the defendants on her numerous claims of fraud. The trial judge entered that judgment in favor of Providers Fidelity because he was of the opinion that Guinn was not aware of the fact that she was issued a policy by that defendant. Judgment was entered in favor of the other defendants because the trial court held that Guinn had not shown any damage as a result of Martin and McCollough's alleged misrepresentations.
When reviewing a summary judgment, this Court must review all of the evidence that was before the trial court and must review it in a light that is most favorable to the non-movant.Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala. 1985). If a case was filed on or before June 11, 1987, the effective date of the "substantial evidence rule" and our review reveals the existence of a scintilla of evidence in support of each of the elements of the plaintiff's claim, the summary judgment must be reversed. Ala. Code 1975, § 12-21-12; Folmar v. Montgomery FairCo., 293 Ala. 686, 309 So.2d 818 (1975). Except, of course, in the case of a summary judgment for the defendant based on uncontroverted proof of a defense.
The elements of fraud are: (1) a misrepresentation (2) of a material fact (3) that was relied upon by the plaintiff (4) who was damaged as a proximate result of that misrepresentation.Earnest v. Pritchett-Moore, Inc., 401 So.2d 752, 754 (Ala. 1981). In her complaint and deposition Guinn alleged that Martin and McCollough made a number of misrepresentations to her regarding the benefits that would be available under the package that they sold her, as well as the necessity of buying both of the policies in that package. Martin and McCollough argue that Guinn had other reasons for buying those policies from them, most notably the increased customer service that was available from their now defunct agency, Southern Insurance Service. However, both Martin and McCollough conceded in their depositions that the coverage provided by the American Integrity policy was at best equal to, and in some respects was inferior to, the coverage Guinn already had. The American Integrity policy had an initial premium of $808.70. Both agents agreed that it was only the Providers Fidelity policy, with an initial premium of $107.50, that provided the enhanced nursing home coverage that Guinn desired. Martin and McCollough also agreed that there was no reason that they *Page 763 
could not have sold only the Providers Fidelity policy to Guinn.
Additional testimony was provided by Marvin Watkins, Providers Fidelity's agency director. Watkins stated that the American Integrity policy did not provide Guinn with any coverage that she did not already have and that it was not in her best interests to replace her existing coverage by buying both of the policies offered to her by Martin and McCollough. Watkins also stated that a person who told Guinn that such a purchase would be in her best financial interests would not be telling her the truth.
After reviewing the evidence, this Court concludes that there was a scintilla of evidence that Martin and McCollough misrepresented to Guinn the necessity of buying the American Integrity policy. The testimony of those two agents, standing alone, indicates that that policy simply replaced, at a cost of $808.70, coverage that Guinn already had and that had all of its waiting periods served. Such misrepresentations, if made, would involve a material fact and would appear to have been relied upon by Guinn to her detriment.
This Court does not agree with the trial court's conclusion that there was no evidence indicating that Guinn was aware that she was buying a policy from Providers Fidelity at the time she made the purchase. Both agents testified that the benefits available under that policy were explained to Guinn, and that the application form that she signed bore a Providers Fidelity logo. The moment in time that is relevant to fraud claims is that moment at which the plaintiff, in reliance on the defendants' representations, took the action that later proved to be detrimental. Connell v. State Farm Mutual Auto. Ins. Co.,482 So.2d 1165, 1167 (Ala. 1985). Although Guinn may have appeared somewhat confused, during her deposition, regarding whether she had purchased a policy from Providers Fidelity, that confusion is not relevant to the issue of reliance, because it took place years after the transaction occurred.
In addition, this Court does not agree that Guinn did not present a scintilla of evidence that she was damaged by the agents' alleged misrepresentations. If, in fact, Guinn's purchase of the American Integrity policy was needless, then it is clear that she parted with over $800 and received absolutely no advantage. This Court also rejects the defendants' argument that, possible misrepresentations notwithstanding, Guinn suffered no damage because she did not file a claim during the period that she was insured by American Integrity and Providers Fidelity. This is not an action for breach of contract, and that argument ignores the hardship that would be experienced by any person after needlessly spending over $800.
 Dismissed Claims
Guinn's original complaint included 19 counts, and the defendants filed motions to dismiss for failure to state a claim. Rule 12(b)(6), Ala.R.Civ.P. The trial court entered an order dismissing the counts "claiming damages for breach of a fiduciary relationship and . . . for a violation of [§] 27-12-1
of the Code of Alabama 1975 et seq.," but denying the motions to dismiss "as to the claim [sic] for damages for misrepresentation or legal fraud." The order concluded by stating that the motions to dismiss were denied as to the fraud "claim" but were "granted as to all other claims in the complaint."
Guinn later filed an amended complaint, consisting of 11 counts that were numbered "Three A," "Four A," etc.; these counts were refined versions of Counts Three, Four, etc., of the original complaint. The trial court also dismissed the amended complaint, issuing the following order:
 "The Court having duly considered the amended complaint is of the opinion that the amended complaint attempts to state a private cause of action for the Defendants' breach of a statutorily imposed duty; for a breach of a fiduciary relationship by the Defendants; and for negligence and wantonness on the part of the corporate Defendants in hiring sales agents; but the Court is of the opinion that these allegations merely add to the *Page 764 
claim for fraud previously allowed and that the allegations state no cause of action against any of the Defendants; it is therefore ORDERED, ADJUDGED and DECREED that except as to the claim for legal fraud all other claims attempting [sic] to be stated by the Plaintiff are hereby dismissed."
Without sifting through the claims individually, we shall address the arguments regarding the dismissal as they are presented.
Guinn alleged in several counts that Martin and McCullough made false representations and comparisons regarding her existing policies and the policies that they wanted to sell her, thus violating Ala. Code 1975, § 27-12-6. That statute prohibits the practice of "twisting," that is, the use of misrepresentations or incomplete or inaccurate comparisons of policies in attempts to induce policyholders to exchange or convert existing policies. The defendants contend that §27-12-6 does not create a private right of action and that the dismissal of the claim based on that section was correct. Under the holdings of this Court in HealthAmerica v. Menton,551 So.2d 235, 243 (Ala. 1989), cert. denied, ___ U.S. ___,110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990); Tribble v. Provident Life Acc. Ins. Co., 534 So.2d 1096 (Ala. 1988); and Jarrad v.Nationwide Mutual Ins. Co., 495 So.2d 584 (Ala. 1986), Guinn's allegations of a violation of § 27-12-6 supported her claims of fraud, and to that extent those allegations should be given proper consideration on remand. It does not appear that any of those counts stated a statutory claim for relief that is different in any material respect from a fraud claim, so we see no basis for holding the trial court in error in dismissing those counts.
Guinn's breach of fiduciary duty claim was premised on her allegation that her reposal of trust in Martin and McCollough to advise her on what policies she should purchase, coupled with their acceptance of that trust, created a fiduciary relationship. She argues that her reliance, along with her advanced age, lack of mental strength, lack of knowledge of insurance matters, and the agents' superior knowledge concerning insurance, constituted special circumstances that warranted the imposition of a fiduciary duty on Martin and McCollough.
This Court has held that an insurance agent may be the agent of the insured, the insurer, or both. Washington National Ins.Co. v. Strickland, 491 So.2d 872, 874-75 (Ala. 1985). However, an insurance agent is generally not considered to be an agent of the insured until a contract of insurance has been entered into. Strickland, supra; Highlands Underwriters Ins. Co. v.Eleganté Inns, Inc., 361 So.2d 1060 (Ala. 1978). Until such a contractual relationship has been established, the parties remain in the relationship of salesperson and prospective customer. The salesperson and his principal may be liable for damages if he misrepresents material facts in an attempt to induce the prospective customer to enter into the contract,Harrell v. Dodson, 398 So.2d 272 (Ala. 1981); Ala. Code 1975, §6-5-101 through 6-5-104. However, that potential liability does not indicate the existence of a fiduciary relationship.
In addition, the existence of a duty is a question of law for the trial court. Berkel Co. Contractors v. ProvidenceHospital, 454 So.2d 496 (Ala. 1984); Hand v. Butts, 289 Ala. 653, 270 So.2d 789 (1972). Because Guinn failed to present evidence of a relationship between herself and Martin and McCollough that gave rise to a fiduciary duty, the court did not err in dismissing the claim based on an alleged fiduciary duty.
Guinn also appeals the dismissal of her claims alleging negligence and wantonness against the defendant insurance companies. Those claims alleged that the companies failed to use due care in selecting, training, and monitoring their agents, and thus made the alleged wrongful acts of Martin and McCollough more likely to occur. However, title 27 of the Alabama Code of 1975 regulates some aspects of the insurance industry, including the licensing and conduct of insurance agents. Guinn does not allege that the defendant companies *Page 765 
violated the guidelines set out in that chapter in selecting, training, or monitoring their agents. Therefore, this Court concludes that, in regard to their selection, training, and monitoring of agents, there was no evidence that the companies violated the standard of care mandated by the legislature, and we affirm the trial court's dismissal of Guinn's negligence and wantonness claims.
For the reasons stated, this Court holds that in support of each element of her fraud claims Guinn presented sufficient evidence to defeat the defendants' motion for summary judgment. Therefore, as to the fraud claims the summary judgment is reversed. Because this Court is reversing as to the fraud claims, the issue raised by Guinn regarding the trial court's denial of her discovery motion will not be addressed. In other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Guinn's original complaint named three other defendants. However, the plaintiff and those defendants reached a settlement and those defendants were voluntarily dismissed.