Albert Applin appeals from the dismissal of his fraud complaint against Consumers Life Insurance Company of North Carolina, Sturdivant Life Insurance Company, and Hamp Griffin Subaru, Inc. The issue is whether the trial court erred in dismissing the complaint for failure to state a claim, Rule 12(b)(6), Ala.R.Civ.P. *Page 1096 
Applin's complaint, filed on April 2, 1992, reads in its entirety:
COMPLAINT
 "COMES NOW the Plaintiff, ALBERT APPLIN, and alleges against the Defendants, CONSUMERS LIFE INSURANCE COMPANY OF NORTH CAROLINA, STURDIVANT LIFE INSURANCE COMPANY, HAMP GRIFFIN SUBARU, INC.; A; B; C; and D; jointly and severally as follows:
FIRST CAUSE OF ACTION
 "1. Plaintiff, ALBERT APPLIN is and has been at all times material hereto a resident citizen of Mobile County, Alabama.
 "2. Defendant, CONSUMERS LIFE INSURANCE COMPANY OF NORTH CAROLINA (hereinafter CONSUMERS LIFE) is a corporation doing business in Mobile County, Alabama by virtue of sales and solicitation of contracts of insurance.
 "3. Defendant, STURDIVANT LIFE INSURANCE COMPANY (hereinafter, STURDIVANT LIFE) is a corporation doing business in Mobile County, Alabama by virtue of the administration of policies issued by Defendant, CONSUMERS LIFE.
 "4. Defendant, HAMP GRIFFIN SUBARU, INC. (hereinafter, HAMP GRIFFIN) was an Alabama Corporation whose primary place of business was Mobile County, Alabama.
 "5. Plaintiff, ALBERT APPLIN further alleges that on or about March, 1986 he purchased a new Volvo (VIN #YV1AX884261179890) from Hamp Griffin Subaru, Inc.
 "6. Plaintiff, ALBERT APPLIN further alleges that he purchased a credit life insurance policy issued by CONSUMERS LIFE in conjunction with the financing of said vehicle in the amount of $24,313.80 on the life of Plaintiff, ALBERT APPLIN.
 "7. Plaintiff, ALBERT APPLIN further alleges that Defendant, HAMP GRIFFIN while acting as an agent for Defendant, CONSUMERS LIFE represented to Plaintiff, ALBERT APPLIN, at the time of the sale of said vehicle, that the credit life insurance being purchased by Plaintiff, ALBERT APPLIN would pay the balance owing on said vehicle in the event of Plaintiff, ALBERT APPLIN's death. Plaintiff further alleges that he relied on said representation in purchasing the abovesaid insurance policy.
 "8. Plaintiff, ALBERT APPLIN further alleges that Defendant, HAMP GRIFFIN, while acting as an agent for Defendant, CONSUMERS LIFE suppressed or failed to inform Plaintiff, ALBERT APPLIN that the said credit life insurance policy would not pay the balance owing on said vehicle in the event of Plaintiff, ALBERT APPLIN's death. Plaintiff, ALBERT APPLIN further alleges that Defendant, CONSUMERS LIFE was under an affirmative duty to inform Plaintiff, ALBERT APPLIN of such fact, yet failed to do so.
 "8. [sic] Plaintiff, ALBERT APPLIN further alleges that he did not discover until February, 1992 that Defendant, CONSUMERS LIFE misrepresented to him the benefits due under said credit life insurance policy and with due diligence could not have discovered said misrepresentation or suppression due to the act or acts of Defendants, CONSUMERS LIFE, STURDIVANT LIFE and HAMP GRIFFIN.
 "9. Plaintiff further alleges that Defendant, STURDIVANT LIFE INSURANCE COMPANY while acting as an agent for Defendant, CONSUMERS LIFE INSURANCE COMPANY, further reduced the benefits pursuant to the abovesaid policy without informing Plaintiff of said reduction.
 "10. Plaintiff, ALBERT APPLIN further alleges that he has been damaged in that the value of the policy actually sold to him was less than the policy as represented to him and had Plaintiff, ALBERT APPLIN known the true terms of the policy he purchased, he would not have made said purchase.
 "WHEREFORE, Plaintiff, ALBERT APPLIN demands judgment against Defendants, CONSUMERS LIFE INSURANCE *Page 1097 
COMPANY OF NORTH CAROLINA, STURDIVANT LIFE INSURANCE COMPANY; HAMP GRIFFIN SUBARU, INC.; A; B; C AND D; jointly and severally, for compensatory and punitive damages for misrepresentation, fraudulent suppression and deceit together with interest and costs of this action."
All three defendants moved to dismiss Applin's complaint for failure to state a claim on which relief can be granted. See Rule 12(b)(6), Ala.R.Civ.P.
The standard of review of a Rule 12(b)(6) motion is as follows:
 " 'It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie of Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 " 'Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In doing so, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.' "
Grant v. Butler, 590 So.2d 254, 255 (Ala. 1991) (quoting GreeneCounty Bd. of Educ. v. Bailey, 586 So.2d 893 (Ala. 1991)); see also Pearce v. Schrimsher, 583 So.2d 253 (Ala. 1991); Fontenotv. Bramlett, 470 So.2d 669, 671 (Ala. 1985).
This standard must be applied in the context of the requirement of fair notice to the defendant of the claim against him:
 "We cannot, however, ignore the ultimate goal of pleadings under the Alabama Rules of Civil Procedure: to provide fair notice to adverse parties of the claim against them and the grounds upon which it rests. . . . The liberality with which the Rules are construed, then, must be balanced against the requisites of fair notice to adverse parties and strict adherence to statutorily prescribed procedures."
Simpson v. Jones, 460 So.2d 1282, 1285 (Ala. 1984) (citations omitted); Archie v. Enterprise Hosp. Nursing Home,508 So.2d 693 (Ala. 1987); State Farm Fire Cas. Co. v. Fincher,454 So.2d 936 (Ala. 1984); Caron v. Teagle, 345 So.2d 1331
(Ala. 1977).
Rule 9(b), Ala.R.Civ.P., requires that, when alleging a claim of fraud, the plaintiff must state the circumstances constituting fraud with particularity. These circumstances include the time, the place, and the contents or substance of the misrepresentations, the facts misrepresented, and an identification of what has been obtained. Miller v. MobileCounty Bd. of Health, 409 So.2d 420, 422 (Ala. 1982); Kabel v.Brady, 519 So.2d 912 (Ala. 1987); State Farm Fire Cas. Ins.Co. v. Lynn, 516 So.2d 1373 (Ala. 1987); Robinson v. AllstateIns. Co., 399 So.2d 288 (Ala. 1981); see also Committee Comments to Rule 9(b), Ala.R.Civ.P. Thus, while Rule 9(b) does not require that every element be stated with particularity, the plaintiff must use more than generalized or conclusory statements in setting out the alleged fraud. Robinson, 399 So.2d at 289-90. The primary purpose of this special pleading provision is to give fair notice of the alleged fraud to the opposing party. Kabel, 519 So.2d at 916; Winn-Dixie Montgomery,Inc. v. Henderson, 371 So.2d 899 (Ala. 1979); Caron v. Teagle,345 So.2d 1331 (Ala. 1977).
The elements of a claim of fraudulent misrepresentation are (1) a misrepresentation of a material fact (2) made either innocently, or willfully to deceive, or recklessly without knowledge, (3) which under the circumstances was justifiably relied upon by the plaintiff and (4) which caused injury *Page 1098 
as a proximate consequence. § 6-5-101, Alabama Code 1975;Harris v. M S Toyota, Inc., 575 So.2d 74 (Ala. 1991); RamsayHealth Care, Inc. v. Follmer, 560 So.2d 746 (Ala. 1990). The elements of a claim of fraudulent suppression of material fact are: (1) the suppression of a material fact (2) that the defendant was under a duty to communicate (3) because of the confidential relationship between the parties or the circumstances of the case and (4) which caused injury as a proximate consequence. § 6-5-102, Alabama Code 1975; Crowder v.Memory Hills Gardens, Inc., 516 So.2d 602, 604 (Ala. 1987).
 Claims Against Hamp Griffin Subaru and Consumers Life
Reading the complaint in a light most favorable to Applin, it appears that he alleges that he paid for, but did not receive, an amount of coverage equal to the balance due on the note. However, it also appears that the alleged fraud occurred, if at all, more than six years before he filed his complaint. Applin alleges generally in his second paragraph "8" that he did not discover the fraud until February 1992 and could not have discovered the fraud sooner by the exercise of reasonable diligence. However, he does not allege that he did not receive a copy of the policy or of the financing documents; those documents would have disclosed on their face the amounts in question. Applin's failure to allege with more particularity any facts sufficient to toll the running of the statutory limitations period would be sufficient in itself to justify the dismissal. See Miller v. Mobile County Bd. of Health,409 So.2d 420, 422 (Ala. 1981).
Additionally, Applin has not alleged fraud with sufficient particularity to withstand a motion to dismiss. It is not clear whether the figure "$24,313.80" represents the amount financed or the amount of the credit life insurance policy. If it represents the amount financed, then there is no allegation of the amount of the insurance policy, either as sold or as represented. If it represents the amount of the policy, then there is no allegation of the amount financed. There is only the most conclusory allegation that the policy would not pay the "balance owing on said vehicle." The complaint refers to "the financing of said vehicle." The "amount financed," however, ordinarily includes the total amount payable in principal and interest over the term of the loan. A payoff early in the term of the loan would be less than the amount financed, because it would include only the principal balance plus unpaid accrued interest. Similarly, a payoff late in the term of the loan would be less than the amount financed, because the principal would have been reduced and, absent a default, most of the interest would have been paid in the installment payments. For these reasons, the credit life policy would never need to pay the full amount financed. Even aside from these distinctions between the amount financed and the amount due on the note, the bare allegation in the complaint that the "credit life insurance policy would not pay the balance owing on said vehicle" does not allege a material misrepresentation or a suppression of material fact with sufficient particularity to give a defendant fair notice of a claim or to withstand a motion to dismiss.
Moreover, Applin's only allegation of injury is "that the value of the policy actually sold to him was less than the policy as represented to him." Hamp Griffin and Consumers Life argue generally that Applin failed to make a sufficient allegation of actual damage because he did not aver that Consumers Life denied a claim filed for benefits or that there was any reason for him to believe that Consumers Life would do so. Applin argues, however, that it was not necessary for him to file a claim under the policy to incur actual damage, citingGuinn v. American Integrity Ins. Co., 568 So.2d 760 (Ala. 1990);Myers v. Geneva Life Ins. Co., 495 So.2d 532 (Ala. 1986); andNational States Ins. Co. v. Jones, 393 So.2d 1361 (Ala. 1980). Although actual damage is an essential element in an action alleging misrepresentation or suppression of a material fact,Jordan v. General Motors Corp., 581 So.2d 835 (Ala. 1991), the fact that a claim on the policy was not filed or denied does not alone determine whether the plaintiff has suffered actual damage, Guinn, supra; National States v. Jones, supra.
The allegations in Applin's complaint, however, do not give fair notice of any *Page 1099 
conceivable set of facts that would support a finding of injury or an award of damages. The ordinary term of a loan on an automobile is four, or perhaps five, years. More than six years elapsed before Applin filed his complaint. On the face of the complaint, therefore, it appears that the loan would have been paid in full, and Applin does not allege that there is an outstanding balance. There appears to be no possibility of Applin's dying during the term of the loan. Therefore, the alleged failure to provide coverage for an amount sufficient to "pay the balance owing" does not sufficiently allege that Applin has been injured, because there is no allegation that the purpose of the coverage still exists.
The allegation that he was injured by the failure to provide enough coverage to pay the loan balance is not sufficient to support an action under the theory that he paid premiums for coverage he did not receive or that he was injured by the payment of higher premiums than he would have paid if he had received coverage as allegedly represented. He does not allege that he paid a higher premium than would ordinarily be paid for a sufficient amount of coverage or for the coverage he received; he does not allege that he had no intention to buy credit life insurance but was fraudulently induced to buy such insurance; and he does not allege that he received no coverage at all. In short, Applin's allegations support only the conclusion that he actually benefited from the alleged fraud in that he was sold a less expensive policy than would have been necessary to pay the note during its term. Because he has alleged nothing that would support an award of damages,Guinn, Myers, and National States v. Jones, supra, are distinguishable.
For any or all of the foregoing reasons, the dismissal is due to be affirmed as to the claims against Hamp Griffin Subaru and Consumers Life.
 Claims Against Sturdivant
Applin's complaint also fails to state a claim against Sturdivant. The only parts of Applin's complaint making any allegations against Sturdivant are the second paragraph "8" and paragraph 9. In that paragraph 8, Applin alleges that he did not discover the alleged fraud for six years because of the acts of Consumers Life, Sturdivant, and Hamp Griffin. In paragraph 9, Applin alleges that Sturdivant, while acting as the agent of Consumers Life, "further reduced the benefits pursuant to the above said policy without informing the Plaintiff." Applin makes no allegation of fraud or breach of contract with regard to Sturdivant. The allegations against Sturdivant are insufficient, as a matter of law, because they completely fail to state either a legal claim or a factual circumstance from which one could be sufficiently inferred. Applin failed to fairly apprise Sturdivant of a claim against which it must appear and defend. Therefore, the dismissal is also due to be affirmed as to the claims against Sturdivant.
AFFIRMED.
MADDOX, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.