CRAWLEY, Judge.
In October 1994, Rhonda Leah Reid (the “worker”) sued Aetna Casualty & Surety Company (“Aetna”); Crawford & Company Health and Rehabilitation Services, Inc. (“Crawford”); Deborah C. Carpenter; and several fictitiously named defendants, alleging intentional misrepresentation and the tort of outrage. In September 1995, the worker amended her complaint, to allege additional counts of conspiracy and fraudulent suppression. The trial court entered a summary judgment for all the defendants on all the claims. The worker appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6). The worker appeals the summary judgment, but only as to the fraudulent suppression claim.
The following facts are undisputed. The worker claimed she suffered an on-the-job injury. Her employer’s workers’ compensation carrier was Aetna, and Aetna hired Crawford as its medical case manager for the worker’s claim. Carpenter, a registered nurse, was employed by Crawford and worked on the worker’s case. After her injury, Aetna offered the worker a panel of four physicians, and she selected one and began treatment. This physician recommended that the worker undergo pain management treatment at the U.A.B. Pain Center; however, the worker requested a different physician before she learned of the physician’s recommendation. Aetna again offered the worker a choice of four physicians for treatment, and she selected another one. The worker’s new treating physician recommended that she see a neurologist and then enter the Pain Treatment Center at Baptist-Montclair Hospital. After a few months of treatment, the neurologist recommended that the worker undergo pain treatment at Montclair. Aetna eventually approved the worker for pain treatment at the U.A.B. Pain Center.
The Workers’ Compensation Act generally provides the exclusive remedy for an injured worker’s claims against the worker’s employer, the employer’s workers’ compensation insurance carrier, and the carrier’s agents; however, the exclusivity provisions of the Act allow actions for intentional tor-tious conduct, such as intentional fraud. Lowman v. Piedmont Executive Shirt Manufacturing Co., 547 So.2d 90 (Ala.1989). The Lournan court held:
“[I]n regard to a fraud claim against an employer, a fellow employee, or an employer’s insurer, in order to present a claim to the jury, the plaintiff must present evidence that, if accepted and believed by the jury, would qualify as clear and convincing proof of fraud.”
Id. at 95 (emphasis added). Therefore, in this case, once the defendants made a prima facie showing that they were entitled to a judgment as a matter of law, the worker had the burden of showing that her fraudulent suppression claim was supported by clear and convincing evidence. We agree with the trial court that the worker did not meet her burden.
“The elements of a claim of fraudulent suppression of material fact are: (1) the suppression of a material fact (2) that the defendant was under a duty to communicate (3) because of a confidential relationship between the parties or the circumstances of the case and (4) which caused injury as a proximate consequence. § 6-5-102, Alabama Code 1975....”
Applin v. Consumers Life Ins. Co., 623 So.2d 1094, 1098 (Ala.1993), overruled on other grounds, Boswell v. Liberty National Life Ins. Co., 643 So.2d 580 (Ala.1994). The worker contends that Aetna and its agents fraudulently suppressed the following facts: (1) that Aetna was Crawford’s client and that *865 Carpenter took her instructions from Aetna; (2) that Carpenter was not acting as a registered nurse with the normal professional obligations toward the worker; (3) that Aetna was overriding the doctors’ treatment plan for the worker’s treatment; (4) that Carpenter took instructions from, and her allegiance was to, Aetna; and (5) that Aetna, Crawford, and the U.A.B. Pain Center had an agreement to place the worker at maximum medical improvement (MMI) after a certain number of sessions regardless of the worker’s condition.
After reviewing the record, we conclude that the worker failed to present evidence that a jury could accept as “clear and convincing proof’ that Aetna was overriding the doctors’ treatment plans and that Aetna, Crawford, and the U.A.B. Pain Center had agreed to place the worker at MMI even if the worker was not in fact at MMI. Aetna denies that it interfered with the doctors’ treatment, and all the defendants deny the existence of any agreement to fabricate the worker’s MMI. The only evidence the worker presented to indicate that her allegations were true was merely evidence of her subjective feelings regarding the course of her treatment — that was far short of the clear and convincing evidence required to support her claim.
Furthermore, even if the worker’s contentions that Carpenter’s allegiance was to Aet-na, that Carpenter took instructions from Aetna, and that Carpenter did not act with professional obligations to the worker, are accepted as true, we conclude that the worker failed to present evidence that could qualify as “clear and convincing proof’ that those facts caused her any injury. It is undisputed that Aetna hired Crawford to perform medical case management, that Carpenter was employed as a registered nurse by Crawford, and that she worked on the worker’s case. The worker’s testimony regarding these facts is merely that she believes that Carpenter was more concerned with saving money for Aetna than with the worker’s recovery, and that she believes that Carpenter prevented her from undergoing possible beneficial treatments. The worker presented no evidence of what possible beneficial treatments she was not allowed to seek. The worker’s subjective testimony, standing alone, could not be accepted by a jury as “clear and convincing proof.”
Therefore, the summary judgment is due to be affirmed.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
MONROE, J., concurs specially.
ROBERTSON, P.J., concurs in the result.