On or about October 29, 1978, a fire destroyed Robinson's home. Robinson alleged that at the time of the fire he had in effect a homeowner's insurance policy with Allstate covering the loss by fire. Robinson, at Allstate's suggestion, contracted directly with Kountz, a contractor, to repair his home. The repairs were made.
On February 29, 1980, Robinson filed a four-count complaint against Allstate and Kountz. Motions to dismiss filed by and on behalf of Kountz were denied, but Allstate's motion to dismiss was granted as to counts one, three and four. Thereafter Robinson filed two amended complaints containing six counts. Both of them were ultimately dismissed with prejudice on Allstate's motion. The dismissed counts were:
 Count 1 — alleging fraud and misrepresentation against defendant Allstate Insurance Company as the agent, servant or employee of defendant Kountz.
 Count 3 — alleging Allstate Insurance Company was the agent, servant or employee of Kountz and further alleging that Kountz performed his work in a negligent manner and damaged Robinson.
 Count 4 — alleging that Kountz as the agent, servant or employee of Allstate Insurance Company did repair Robinson's home in a wanton manner and thereby damaged it.
 Count 5 — alleging that Allstate as an agent, servant or employee of Kountz prevailed upon Robinson to sign a contract to repair his home, and that Kountz performed the repairs in a wanton manner and thereby damaged it.
 Count 6 — alleging that Kountz as an agent, servant or employee of Allstate, negligently repaired Robinson's home and damaged it.
The trial judge did not dismiss the second count alleging breach of insurance contract. On September 30, at Robinson's request, the trial court entered final judgment on the previous dismissals pursuant to Rule 54 (b), ARCP. Robinson appeals. We affirm the trial court.
Rule 9 (b), ARCP, provides that when fraud is alleged the circumstances constituting *Page 290 
the fraud shall be stated with particularity. This does not require every element to be stated with particularity, but the pleader must use more than generalized or conclusionary statements setting out the fraud. The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained. See Committee Comments to Rule 9 (b), ARCP. Rubens v. Ellis, 202 F.2d 415 (5th Cir. 1953).
In this complaint, Count One shows neither the time nor location of the alleged misrepresentation. Furthermore, although the complaint avers that Allstate made the misrepresentation, it fails to identify the individual who actually is alleged to have misrepresented the fact. The pleader attempts to predicate fraud on a promise which is not a representation of a material fact. In order for fraud to be predicated upon a promise, it is essential that the promisor intended not to perform at the time of making the promise. The complaint fails to allege any intent by Allstate not to perform.
Counts Three and Five alleged that "Allstate as the agent, servant or employee of . . . Kountz . . . prevailed upon the plaintiff to sign a contract with Kountz . . ." and that Kountz negligently repaired or wantonly repaired plaintiff's house. The net result of these allegations is that the principal — not the agent — committed negligence or wantonness. Robinson does not cite any authority for this unique and novel theory of law whereby an agent is liable for acts of the principal. For an agency relationship to exist there must be a right of control by the principal over the agent. Wood Chevrolet Co. v.Bank of the Southeast, 352 So.2d 1350 (Ala. 1977). In a principal-agent relationship, the tail does not wag the dog.
Counts Four and Six alleged that Kountz as servant, agent or employee of Allstate undertook to repair plaintiff's home. Court Four alleged that the work was accomplished in a wanton manner. Count Six alleged in a negligent manner. While the Alabama Rules of Civil Procedure liberalized our forms of pleading, they did not throw the baby out with the wash. We opine that the pleader must, in pleading agency, allege some facts that show an agency relationship; that the agent was acting within the line and scope of his authority; and that the injury complained of was the proximate result of the agent's negligence or wantonness. There are no facts alleged in these counts upon upon which to base an agency relationship. Moreover, there is no allegation that the work was done within the line and scope of the agent's authority.
The order of dismissal by the trial court is affirmed.
AFFIRMED.
ALMON, EMBRY and ADAMS, JJ., concur.
BEATTY, J., concurs in the result.