DRC, Inc., appeals from an order dismissing its complaint against Great American Insurance Companies for failure to state a claim. We reverse and remand.
On August 5, 2003, DRC sued Great American and Hertz Equipment Rental Corporation ("Hertz"). DRC's complaint as last amended stated in toto:
"COUNT ONE
 "1. On or about May 7, 2001, [Hertz] generated a Rental Agreement for a Case 850 bulldozer in the name of DRC.
 "2. Thereafter, said bulldozer was used in Willow Fork, TX on a job which *Page 712 
DRC had the contractual duty to complete and which job was under DRC's care, custody and control.
 "3. DRC contends that the rental of the subject bulldozer was terminated in late May or early June 2001. DRC contends that the custom and practice at the time of the lease termination was for Hertz to be informed that the bulldozer was no longer needed, Hertz would remove the equipment from the running rental charge upon being so informed, and Hertz would thereafter pick up the bulldozer. Hertz was informed that the subject bulldozer was no longer needed in late May or early June 2001, but Hertz did not immediately pick up the bulldozer as a matter of its convenience. Hertz, upon information and belief, contends that the rental agreement only terminated upon its actual pick-up of the bulldozer and/or that the rental agreement was otherwise in force at the time the bulldozer was stolen.
 "4. The evidence is conflicting as to whether Hertz actually picked up the subject bulldozer or whether it was stolen.
 "5. On or about August 10, 2001, Hertz reported to authorities that the subject bulldozer was stolen by unknown parties.
 "6. Hertz has made a demand on DRC for $53,042.50, being what Hertz contends to be the value of the allegedly stolen bulldozer. Hertz contends that DRC is liable for the alleged stolen bulldozer.
 "7. DRC has made a demand on its insurance carrier, Great American, based on the alleged theft of the bulldozer, which claim was denied. Said claim was due to be paid under the insurance contract if the subject bulldozer was, as Hertz contends, being rented by DRC at the time it was stolen.
 "8. If the subject dozer was stolen while being rented by DRC, Great American should pay the claim under the insurance contract. If the bulldozer was not stolen or was not being rented by DRC at the time it was stolen, DRC should not owe Hertz for the same.
 "WHEREFORE, DRC demands judgment against Great American for $53,042.50 plus interest for breach of contract and court costs.
"COUNT TWO
 "9. DRC adopts and incorporates the allegations of Count One.
 "10. A justiciable controversy exists between the parties as to their rights and remedies under the Rental Agreement, the insurance policy and/or other agreements between the parties.
 "WHEREFORE, DRC petitions the court to declare whether or not the subject bulldozer was being rented by DRC after late May or early June 2001; whether or not the subject bulldozer was stolen; and, if it was stolen while DRC was renting the same, declare that Great American is liable for the damages incurred; and if it was not stolen or was not being rented by DRC at the time of the theft, declare that DRC is not liable to Hertz for the value thereof; DRC requests such further and different relief, the premises considered."
Great American moved, pursuant to Ala. R. Civ. P. 12(b)(6), to dismiss the complaint for "failure to state a claim upon which relief can be granted." The trial court granted the motion and certified its order as a final judgment, pursuant to Ala. R. Civ. P. 54(b). The order stated, in part: "The court hereby expressly determines that there is no just reason for delay [of] entry of this order in that [DRC's] remaining claims against [Hertz] are intertwined *Page 713 
in [DRC's] claims against Great American." DRC appealed.
On appeal, DRC contends that the complaint states a claim upon which relief can be granted, in that it both alleges breach of contract and seeks declaratory relief. Great American, however, contends that "[t]here is no justiciable controversy between DRC and Great American because," it argues, "they are in agreement
on the controlling issue, that the bulldozer was taken off rental months prior to any alleged loss." Great American's brief, at 11 (emphasis added). Great American insists that "[t]he position ofHertz is irrelevant to the issue of whether a justiciable controversy exists between DRC and Great American." Id. at 12 (emphasis added). Thus, Great American contends, DRC can prove no set of facts establishing any liability on the part of Great American. We disagree with Great American.
"In considering whether a complaint is sufficient to withstand a motion to dismiss, this Court must accept the allegations of the complaint as true." Creola Land Dev., Inc. v. BentbrookeHousing, L.L.C., 828 So.2d 285, 288 (Ala. 2002). "`Motions to dismiss should be granted sparingly, and a dismissal is proper only when it appears beyond doubt that the plaintiff can proveno set of facts in support of the claim which would entitle the plaintiff to relief.'" Gilliland v. USCO Power Equip. Corp.,631 So.2d 938, 939 (Ala. 1994) (quoting Hill v. Kraft, Inc.,496 So.2d 768, 769 (Ala. 1986)).
"A controversy is justiciable where present `legal rights are thwarted or affected [so as] to warrant proceedings under the Declaratory Judgment [Act, Ala. Code 1975, §§ 6-6-220 to -232].'"Creola Land Dev., Inc., 828 So.2d at 288 (quoting Town ofWarrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662
(1963)). Under the Declaratory Judgment Act, parties are not "`compelled to wait until the events giving rise to liabilityhave occurred before having a determination of their rights and obligations.'" 828 So.2d at 288 (quoting City of Dothan v.Eighty-Four West, Inc., 738 So.2d 903, 908 (Ala.Civ.App. 1999)).
Section 6-6-223 authorizes "[a]ny person . . . whose rights, status, or other legal relations are affected by . . . a contract . . . [to] have determined any question of construction or validity arising under the . . . contract . . . and [to] obtain a declaration of rights, status or other legal relations thereunder." This right to have a contract construed exists even "before . . . there has been a breach thereof." § 6-6-224.
Count one of the complaint seeks a judgment against Great American for breach of the insurance contract between DRC and Great American. Count two seeks a declaration of rights under both the rental agreement between DRC and Hertz and theinsurance contract between DRC and Great American. Great American's potential liability under count one turns on a number of disputed factual issues averred under count two. For example, there is a dispute as to whether the bulldozer was stolen, and, if so, whether it was stolen while the rental agreement was in force.
One of the most crucial issues in this case involves the construction of the rental agreement between DRC and Hertz. Great American concedes that it insured the bulldozer "during the term of DRC's rental." Great American's brief, at 8. Thus, the dispositive issue between DRC and Great American is the event marking the termination of the rental agreement. If, as Hertz contends, "the rental agreement only terminated upon its actual pick-up of the bulldozer," ¶ 3 of DRC's complaint, and if Hertz
did not, in fact, pick up the bulldozer, then the bulldozer was insured *Page 714 
by Great American at the time of its disappearance. Construction and application of the rental agreement will, in all likelihood, resolve the rights of all the parties to this action. The trial court itself acknowledged that the "claims against [Hertz] are intertwined in [DRC's] claims against Great American."
Contrary to the arguments of Great American, the contentions of Hertz are material to this action. At this stage in the litigation, we are not concerned whether Hertz's contentions aretrue. It is enough that DRC has averred that Hertz has made
those contentions and demands. That Hertz has made such contentions is assumed to be true, under our standard of review.
Moreover, DRC and Great American are not "in agreement on the controlling issue," as Great American contends. To be sure, one theory of relief from the demand of Hertz averred in the complaint is that the rental agreement had terminated before the bulldozer disappeared. However, DRC is not merely attempting to prove that the lease ended in "May or early June 2001" and that the equipment was stolen in August 2001. Instead, it is attempting to prove that if it is liable to Hertz for the disappearance of the bulldozer, then Great American is liable to DRC. In that connection, DRC states: "DRC's two count complaint alleges alternative facts which support a claim for breach of contract and declaratory judgment. Rule 8(e)(2), Ala. R. Civ. P., specifically [authorizes] this form of pleading." DRC's brief, at 15 (emphasis added). We agree.
Rule 8(e)(2), Ala. R. Civ. P., provides, in pertinent part: "A party may set forth two or more statements of a claim . . . alternatively or hypothetically, either in one count . . . or in separate counts. . . ." "Inconsistent, alternative and hypothetical pleadings are permitted." 1 Champ Lyons, Jr.,Alabama Rules of Civil Procedure Annotated, Rule 8, Author's Comments § 8.7 (3d ed. 1996) (emphasis added). Great American's argument, if accepted, would allow it to escape liability under its contract with DRC under any alternative, that is,regardless of the ultimate resolution of the dispositive issues in this case.
In short, we conclude that the complaint states a claim for relief and invokes the jurisdiction of the court under the Declaratory Judgment Act. For these reasons, the trial court erred in dismissing DRC's complaint as to Great American. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and HOUSTON, LYONS, and JOHNSTONE, JJ., concur.